NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CASEY ANTHONY STANGE, *Plaintiff/Appellee*,

*v.*

ROBERT DENNIS JOHNS, JR., on behalf of himself and his wife, SUSAN ROWENA JOHNS, *Defendant/Appellant*.

No. 1 CA-CV 18-0233
FILED 2-5-2019

Appeal from the Superior Court in Yuma County
No. S1400CV201600258
The Honorable John P. Plante, Judge

**AFFIRMED**

COUNSEL

Allen Barnes & Jones PLC, Phoenix
By Thomas Henry Allen, David B. Nelson
*Counsel for Plaintiff/Appellee*

Law Offices of Scott MacMillan Baker PC, Tucson
By Scott M. Baker
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Samuel A. Thumma joined.

---

T H O M P S O N, Judge:

¶1        Robert Dennis Johns, Jr., on behalf of himself and his wife, Susan Rowena Johns, (collectively "Johns") appeal the superior court's judgment vacating a sheriff's sale of residential property owned by Casey Anthony Stange ("Stange") and upholding the validity of Stange's homestead exemption for the property. For the following reasons we affirm the superior court's rulings.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Stange owns residential real property in Yuma that he purchased and moved into in October 2008 (the "property"). In March 2011, Stange recklessly caused a car accident in which his childhood friend, Johns' son, was killed. Stange pled guilty to manslaughter in 2012 and was sentenced to a multi-year prison term. While in prison, Stange continued to coordinate payment of water, electric, and tax bills for the property. Following his release from prison in September 2017, Stange returned to the property and continued to reside there.

¶3        In May 2015, Johns obtained a $1,204,000 wrongful death judgment (the "judgment") against Stange. In November 2015, Johns instructed the Yuma County Sheriff, through a writ of special execution, to sell the property at public auction in order to collect on the judgment.

¶4        In January 2016 the sheriff issued a notice of sheriff's sale ("notice") that stated the sheriff would be selling the property to the highest bidder for cash. Thereafter, Stange filed a claim of homestead declaration in order to protect the property. Stange also informed the sheriff that he had a homestead interest in the property and that the homestead exemption would necessarily require cash payment. On February 17, 2016 the sheriff conducted the auction and Johns offered a credit bid of $190,000 which the sheriff accepted.

¶5        Stange filed a complaint in the superior court against Johns and the sheriff requesting the court void the sheriff's sale and find that

Stange had a valid homestead exemption in the property. Johns moved, and Stange cross-moved, for summary judgment. Following full briefing and oral arguments, the court found the sale was improper and ordered that the sale be vacated. After an evidentiary hearing, the court found that Stange held a valid homestead exemption. Following entry of a final judgment, Johns timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2018).

**DISCUSSION**

¶6        Under A.R.S. § 33-1101(A) (2018), any person who resides in the state may hold as a homestead exempt from execution sale their interest in real property not exceeding $150,000. This exemption automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property. A.R.S. § 13-1101(C). A homestead may be abandoned by "a permanent removal of the claimant from the residence or the state. A claimant may remove from the homestead for up to two years without an abandonment or a waiver of the exemption." A.R.S. § 33-1104(A)(3) (2018). However, this statute does not "create an absolute temporal bar, that on the second anniversary of [a debtor's] removal from homestead, debtors automatically are deemed to have abandoned their homesteads for exemption purposes." *Calderon v. Lang (In re Calderon)*, 507 B.R. 724, 731 (B.A.P. 9th Cir. 2014). "[T]he temporal aspect of the statute simply was meant to aid courts in determining the intended permanency of the removal from the residence." *Id.*

¶7        In this case, it is apparent that Stange never intended his removal from the residence to be permanent. Indeed, he instructed his family to care for the property while he was incarcerated and upon release from prison immediately returned to the property and continued to reside there. As such, the trial court did not err in finding Stange had a valid homestead exemption and we therefore affirm that finding.

¶8        We next determine if the execution sale was valid. Generally, a homestead is exempt from process and sale under a judgment or lien, unless the sale falls under certain enumerated exceptions. *See* A.R.S. § 33-1103(A) (2018). A sale that does not comply with this directive "is invalid and does not convey an interest in the homestead." A.R.S. § 33-1103(B). Under A.R.S. § 33-1105 (2018), "A bid shall not be accepted by the officer in charge of a sale . . . which does not exceed the amount of the judgment debtor's homestead." Additionally, under the statute, "the officer shall first pay the amount of the homestead to the judgment debtor." *Id.*

¶9        In this instance, the sheriff's sale does not fall under any of the exceptions enumerated in A.R.S. § 33-1103 and is therefore subject to the homestead exemption.  Because the sale was subject to the homestead exemption, the sheriff should have required a cash bid that exceeded the judgement debtor's homestead exemption, in this instance $150,000, and then the sheriff should have paid $150,000 to Stange.  Instead the sheriff accepted a credit bid and did not pay the homestead exemption. Thus, the sale was invalid.  Because the sale was invalid, we affirm the trial court's granting of summary judgment in favor of Stange.

**CONCLUSION**

¶10        For the foregoing reasons we affirm the trial court's ruling finding a valid homestead exemption and voiding the execution sale.



AMY M. WOOD • Clerk of the Court
FILED:  AA